UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MIDAS SHIPPING COMPANY INC.,

              *Petitioner,*        12 Civ.

  - against -                        **PETITION TO RECOGNIZE AND CONFIRM ARBITRATION AWARD**

PDVSA PETROLEO, S.A.,

              *Respondent.*
-----------------------------------------------------------X



      Petitioner, MIDAS SHIPPING COMPANY INC., by its attorneys, CHALOS & CO, P.C., alleges upon information and belief as follows:

    1.     Petitioner, MIDAS SHIPPING COMPANY INC. (hereinafter "MIDAS"), Owner of the M/T LIBERA, is a foreign business entity with a principal place of business in Athens, Greece.

    2.     Respondent, PDVSA PETROLEO, S.A. (hereinafter "PDVSA"), is an entity duly organized and existing pursuant to the laws of Venezuela, who chartered the M/T LIBERA pursuant to a charter party dated April 17, 2009.

## JURISDICTION AND VENUE

    3.     This Court has subject matter jurisdiction by virtue of the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*, particularly, 9 U.S.C. §9.

    4.     In addition, this action is subject to this Court's admiralty jurisdiction, pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. Proc. 9(h) because the underlying dispute is maritime in nature and concerns a breach of a maritime contract.

    5.     PDVSA has consented to the jurisdiction of this Court pursuant to the charter party agreement dated April 17, 2009. Thus, venue is proper in this Court pursuant to 28 U.S.C.

Chalos & Co ref: 2176.004

§ 1391 (b)(3). Furthermore, to the extent the Court asserts admiralty jurisdiction over this matter, venue is proper in accordance with Fed. R. Civ. Proc. 82.

## FACTS AND CLAIM

6. On or about April 17, 2009, Petitioner, MIDAS, as Owners of the M/T LIBERA, and Respondent, PDVSA, as charterers, entered into a PDVSA Time 2006 Tanker Time charter party agreement, on terms set out in a fixture recap (hereinafter "charter party"). *See* Declaration of Katherine Christodoulatos ("Christodoulatos Decl."), ¶ 3, Ex. 1.

7. This charter party agreement is a maritime contract.

8. The agreement, provided, in material part, as follows:

   a. *Rate of Hire – Clause 3*: Subject as herein provided, Charterers shall pay in United States Dollars for the use and hire of the Vessel at the rate of [USD 17,500 per day pro rata] until the time and date of her redelivery to Owners all inclusive, including crew and officers overtime and communications costs, petites and excluding OPA charges.

   b. *Payment of Hire – Clause 4(a)*: ...Payments shall be made per calendar month in advance.
      *Clause 4(c)*: In default of such proper and timely payment... (2) Owners shall notify Charterers of such default and Charterers shall within seven days of receipt of such notice pay to Owners the amount *including interest*, failing which Owners may withdraw the Vessel from the service of the Charterers without prejudice to any other rights Owners may have under this Charter or otherwise...

   c. *Additional War Expenses (Extra War Risk) – Clause 40(a)*: Basic war risk insurance is to be for Owners' account. Any extra expense for additional war risk premium on hull and machinery which is reasonably incurred by the Owners as the consequence of Charterers' orders to trade in areas where there is war (de facto or de Jure) and where the areas in question have been declared an additional risk premium area by the Vessel's War Risk Insurers, shall be borne by the Charterers provided that before such expenses are incurred Charterers are given an opportunity to signify their approval, and provided further that Owners obtain from their insurers a waiver of any surrogate rights against Charterers in respect of any claim by Owners under their War Risk Insurance arising out of compliance with such orders.

   d. *Law and Litigation – Clause 46(a)*: The interpretation of this Charter and the rights and obligations of the parties shall be governed by U.S.A. law...

> *Clause 46(b)*: Any and all differences and disputes of whatsoever nature arising out of the Charter shall be put to arbitration in the city of New York pursuant to the laws related to Arbitration there in force…
> *PDVSA Additional Clauses – Clause 25: General Average/Arbitration Clause*: For general average/arbitration, New York, U.S. law will apply. York/Antwerp Rules 1974 to apply as amended 1990.
> *PDVSA Additional Clauses – Clause 27: Arbitration Clause*: Any and all differences and disputes of whatsoever nature arising out of the Charter shall be put to arbitration here in force before a board of three persons, consistent of one arbitrator to be appointed by the Owners, one by the charterers and one by the two, so chosen. The decision of any two of the three on any point or points shall be final….Awards made in pursuant to this clause may include costs, including a reasonable allowance for attorneys' fees, and judgment may be entered upon any award made hereunder in any court having jurisdiction in the premises.

See Christodoulatos Decl., ¶ 3, Ex. 1.

9. In accordance with the terms of the charter party, Charterers were to pay hire in advance, at the rate of USD 17,500 per day pro rata, plus Extra War Risk Premia on a monthly basis. If Charterers fail to timely pay hire, the charter party provided that Owners must notify Charterers of the default, and that Charterers must pay to Owners the outstanding hire including interest, within seven (7) days of receipt of such notice.

10. On or about May 6, 2011, Medcare Shipping S.A., managers for the Claimant/Owners, advised Charterers that USD 1,872.174.65 was due to Owners, comprised of the following: (i) outstanding Extra War Risk Premia from November 2009 until April 2011 (USD 698,928.61); (ii) outstanding hire for April and May 2011 (USD 1,019,500.00); and (iii) interest arising from late hire payments from May 2009 until March 2011 (USD 153,746.04).

11. Despite repeated demands from Owners to Charterers for payment of the outstanding amount, Charterers failed to comply with their obligations under the parties' agreement.

12. By letter dated May 20, 2011, Owners provided PDVSA with a notice to remit the outstanding amounts, totaling USD 1,872,174.65, within seven (7) days, failing which Owners would pursue legal remedies.

13. On or about May 25, 2011, Owners received a payment from PDVSA in the amount of USD 527,000.00, in satisfaction of the April 2011 hire invoice.

14. Owners also received a payment from PDVSA in the amount of USD 492,500.00, on or about June 14, 2011, in satisfaction of the May 2011 hire invoice. The remaining amounts, totaling USD 852,674.65, continued to remain outstanding, without any explanation or justification.

15. Accordingly, on June 3, 2011, Owners appointed an arbitrator, and provided PDVSA with notice of same, in accordance with the terms of the charter party agreement.

16. Charterers failed to appoint an arbitrator within the time period prescribed by the charter party, and Owners appointed a second arbitrator on June 24, 2011. Thereafter, the two (2) arbitrators appointed the Chairman of the Panel, and the Owners and PDVSA received notice that the Panel was fully constituted on July 5, 2011.

17. The fully constituted Panel was comprised of three (3) members of the Society of Maritime Arbitrators ("SMA"): John F. Ring, Jr., Thomas F. Fox, and Donald B. Frost, as Chairmen.

18. Midas submitted its claim submission to the SMA Panel on July 14, 2011, and provided PDVSA with notice of same.

19. Despite the SMA Panel's directive to PDVSA submit a Reply Submission by August 19, 2011, PDVSA failed to submit a reply or to participate in the arbitration altogether.

20. The proceedings were declared closed on August 23, 2011.

21. Thereafter, the SMA Panel requested clarification from MIDAS regarding the amount outstandings, which was promptly provided.

22. On December 16, 2011, the SMA Panel issued its Final Award in favor of MIDAS. A true copy of the Final Award is annexed as Exhibit 2 to the Christodoulatos Declaration.

23. The Final Award provides under its terms that PDVSA is ordered to pay damages and costs as follows:

*Charterer is directed to pay Owner $835,776.79 as follows:*

| | |
|---|---|
| *Unpaid Extra War Risk Premia* | *$698,928.61* |
| *Interest on late hire payments* | *$113,348.18* |
| *Allowance for attorney's fee and expenses* | *$ 8,500.00* |
| *Claim-over for arbitrator's fees paid by Owner on Charterer's behalf* | *$ 15,000.00* |
| *Total:* | *$835,776.79* |

24. The Final Award further provided that if the award is not paid within thirty (30) days, interest on the principal amount will accrue at a rate of 3.25% per annum from December 16, 2011 until payment is made or until the award is reduced to a judgment, whichever occurs first. *See* Christodoulatos Decl., ¶ 3, Ex. 2.

25. In partial satisfaction of the Final Award, PDVSA made payments to MIDAS, totaling USD 722,428.61, as follows: unpaid Extra War Risk Premia: USD 698,928.61; attorneys' fees: USD 8,500; and arbitrators' fees initially paid to the Panel by Midas on PDVSA's behalf: USD 15,000. Presently, USD 113,348.18, representing interest on late hire payments, remains due and owing to MIDAS.

26. MIDAS has demanded from PDVSA that it promptly remit the amount outstanding under the Final Award. PDVSA, in bad faith and despite promises that it would do

so, has neglected, and/or otherwise failed to make any payment against the amounts outstanding under the Final Award.

27. In accordance with Federal Arbitration Act, 9 USC § 1, the Final Award is final and enforceable.

28. This application to recognize and confirm the arbitral award is brought within one (1) year from the day the SMA Panel issued same, and accordingly, the application for its confirmation is timely in accordance with 9 U.S.C. § 10.

29. Respondent cannot in good faith raise any of the delineated reasons under the FAA, for non-recognition of the SMA's Final Award.

WHEREFORE, Petitioner MIDAS SHIPPING COMPANY INC. prays:

A. That process in due form of law issue against the PDVSA PETROLEO, S.A., citing Respondent to appear and answer under oath all, and singular, the matters alleged in the Verified Petition;

B. That its foregoing Petition to Recognize and Confirm the Arbitration Award be granted and the SMA's Final Award be recognized, confirmed, and made into a Judgment of this Court, to be entered in favor of Petitioner MIDAS SHIPPING COMPANY INC., and against Respondent PDVSA PETROLEO, S.A. and that this Court also adjudge Respondent liable to Petitioner for any applicable interest on the Award and Judgment;

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

D. That this Court grant Petitioner its costs and expenses, including reasonable attorneys' fees, in pursuing Judgment; and

E.   That Petitioner may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       December 12, 2012

                               CHALOS & CO, P.C.
                               *Attorneys for Petitioner*
                               MIDAS SHIPPING COMPANY INC.

By:   /s/ Katherine Christodoulatos
      George M. Chalos (GC-8693)
      Katherine N. Christodoulatos (KC-1226)
      55 Hamilton Avenue
      Oyster Bay, New York 11771
      Tel: (516) 714-4300
      Fax: (516) 750-9051

Chalos & Co ref: 2176.004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MIDAS SHIPPING COMPANY INC.,

                               Petitioner,          12 CIV

-v-

PDVSA PETROLEO, S.A.,                  **VERIFICATION OF**
                                                                       **VERIFIED PETITION TO**
                                                                       **RECOGNIZE AND CONFIRM**
                               Respondent.         **ARBITRAL AWARD**
-----------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, KATHERINE N. CHRISTODOULATOS, an attorney at law, declares under the penalty of perjury:

       1.     I am an attorney admitted to practice before this Honorable Court and am counsel for Petitioner MIDAS SHIPPING COMPANY INC. ("MIDAS"). I am an associate of Chalos & Co, P.C., and am a member in good standing of the bar of this Honorable Court.

       2.     I have read the foregoing Verified Petition and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Petitioner through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Petitioner is because Petitioner is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
December 12, 2012

                        CHALOS & CO, P.C.
                        *Attorneys for Petitioner*
                        MIDAS SHIPPING COMPANY INC.

By: _/s/ Katherine Christodoulatos_
       George M. Chalos (GC-8693)
       Katherine N. Christodoulatos (KC-1226)
       55 Hamilton Avenue
       Oyster Bay, New York 11771
       Tel: (516) 714-4300
       Fax: (516) 750-9051

Chalos & Co ref: 2176.004